Mr. Caperton

moved for a rehearing on the ground that the usury was not sufficiently pleaded, which he stated in the following petition:

After a full and attentive consideration of the opinion pronounced in this case, the counsel of the plaintiff feels himself constrained to ask the court to rc-consider their decision. From a *473 mistake as to tlie facts contained in tlie record, which it is apparent the court has been led into, great injustice has been done the plaintiffs, and the decision of the cause has been made to turn upon a point not relied upon in the pleadings, and which the undersigned with great confidence, conceives is not presented by the record. In the opinion dc-* livered, the court say, “the bill charges the transaction as usurious, that it was a loan and security for the loan, at the usury of fifteen per cent.” This, evidently, is a mistake on the part of the court. There is no such allegation or statement in the bill. The transaction is not. charged as usurious; nor is there any allegation that the loan was at the usury of fifteen per cent or any other rate of per cent. Had there been such an allegation in the bill as the opinion recites, I should not have troubled the court with this petition. I shall not now undertake to prove that the transaction set .forth in the bill, is not usurious, notwithstanding much might be said with propriety and force, to establish that position. 1 only wish to call the attention of the court to their misconception of the allegations of the bill.
Petition for a re-hcaring. .
Neither courts .of law or equity have ever enforced the laws against, usury when the transaction is not relied upon as usurious in the pleadings. Good sense would dictate the propriety of this doctrine, independent of any authority upon the subject. But authorities are not wanting to show that, as well in chancery as at common law, relief cannpt be granted without appropriate allegations or averments, expressly charging the transaction to be corrupt and usurious. Thus, in the case of Morrison vs. Whitley, Cro. Car. 501, it is said that in framing a plea of usury, care must be taken to state that it was corruptly agreed &c. And in 2 Shower, 329, it is'decided that the usurious agreement mu st be particularly set forth, and the quantum of interest agreed to be given. See also as to the same point, Selwyn’s nisi prius, 583. Indeed all the books of entries abound with authorities to this effect. Nor has a single' diet mb been found, after an attentive research, to the contrary. But in the case of Brown vs. Heard, 3 Marsh. 390, a case very much like the *474 present, this question lias undergone a diréct adjudication. The facts stated in that case more clearly amounts to usury than they do in this case, and the court say it is usurious. They refuse relief because they say, “there is no allegation in the bill that the loan was made upon an usurious interest, or that the obligation for the corn was intended as a shift or device to evade the statute. This will be found to be the settled doctrine in chancery, when it is looked into. This court', I am fully satisfied, would not have disturbed the well established rule upon this subject, had they not been mistaken in point of fact. A rehearing is respectfully solicited.
Petition for a re-hearing.
Allegations of a bill that complainant was in great need of money, that to raise it he borrowed of defendant a $1000, and for that agieed to pay him $1216 in 12 months, and to secure the payment, assigned promissory notes for $1800, to be forfeited if not punctually redeemed, is a sufficient pleading of the usury.